UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

1:25-CV-01615

**FILED**
**08/14/2025**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**CARLOS DEANGELO PRUNTY**, Trustee of the

**CARLOS PRUNTY RVOC LIVING TRUST,**

Plaintiff, Pro Se,

v.

ROCKET MORTGAGE, LLC (f/k/a Quicken Loans, LLC);

ROCKET COMPANIES, INC.;

AMROCK LLC (a/k/a Rocket Close);

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS);

FIRST AMERICAN TITLE INSURANCE COMPANY;

DEUTSCHE BANK TRUST COMPANY AMERICAS, ; MORGAN STANLEY & CO. LLC,

Defendants.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

Case No.: _____

Jury Trial Demanded

# VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND EMERGENCY INJUNCTIVE RELIEF

## I. NATURE OF THE ACTION

1. Plaintiff, acting in his capacity as Trustee and real party in interest for the CARLOS PRUNTY RVOC LIVING TRUST ("Trust"), brings claims under the Truth in Lending Act (15 U.S.C. § 1601 et seq.), RESPA (12 U.S.C. § 2605), RICO (18 U.S.C. §§ 1962(c), (d), 1964(c)), the Securities Exchange Act of 1934 (§ 10(b) and SEC Rule 10b-5), the FDCPA (15 U.S.C. § 1692 et seq.), 42 U.S.C. § 1983, Indiana property statutes (including Ind. Code § 32-30-2-1 et seq. (quiet title)), and the UCC (including Articles 1 and 9).

2. This Complaint is verified pursuant to 28 U.S.C. § 1746 and pleads fraud with particularity consistent with Fed. R. Civ. P. 8(a), 9(b), and 10(b). Declaratory and injunctive relief are sought under 28 U.S.C. §§ 2201–2202, Fed. R. Civ. P. 57, 64, 65, and S.D. Ind. Local Rule 65-2.

3. Defendants executed and/or recorded a fraudulent assignment and concealed securitization of Plaintiff's mortgage loan into mortgage-backed securities identified by, inter alia, CUSIPs U7507LAA1, U7507LAB9, 77313LAA1, and 773130AF6, thereby bifurcating the note and mortgage, clouding title, and enabling unlawful collection and foreclosure activity.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

4. Plaintiff served a series of certified-mail notices and demands, including Certified Mail Nos. 9589071052703018416044, 9590940280692349870433, 9589071052701975298628, and 9589071052701160304325 (and others), to which Defendants failed to cure. Plaintiff recorded and noticed a Fee Schedule providing liquidated damages totaling not less than $100,000,000 for enumerated violations, and perfected trust lien/security interests via UCC-1 filings in Indiana and Illinois.

**II. JURISDICTION AND VENUE**

5. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 for claims under TILA, RESPA, FDCPA, RICO, § 10(b)/Rule 10b-5, and 42 U.S.C. § 1983.

6. Diversity jurisdiction exists under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

7. The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events occurred in this District and the real property is located at 1486 Stanford Dr, Avon, Indiana 46123.

9. Declaratory and injunctive authority arises under 28 U.S.C. §§ 2201–2202; provisional remedies and equitable relief are sought under Fed. R. Civ. P. 57, 64, and 65; emergency relief is supported by S.D. Ind. L.R. 65-2.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

## III. PARTIES

10. Plaintiff CARLOS DEANGELO PRUNTY is Trustee of the CARLOS PRUNTY RVOC LIVING TRUST with mailing address 1486 Stanford Dr, Avon, IN 46123, and is the real party in interest under Fed. R. Civ. P. 17(a).

11. Defendants include ROCKET MORTGAGE, LLC; ROCKET COMPANIES, INC.; AMROCK LLC; MERS; FIRST AMERICAN TITLE INSURANCE COMPANY; and DEUTSCHE BANK TRUST COMPANY AMERICAS, each doing business in or directing relevant conduct into Indiana. Morgan Stanley & Co. LLC – An investment banking and underwriting firm headquartered in New York, New York. Served as the underwriter for the securitization of Plaintiff's mortgage through CUSIP U7507LAA1 and related instruments, participating in the structuring and distribution of mortgage-backed securities tied to Plaintiff's loan without proper disclosure or consent.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff's residential mortgage loan was originated and then, without disclosure before or at closing, transferred and/or securitized into mortgage-backed instruments identified by CUSIPs including U7507LAA1, U7507LAB9, 77313LAA1, and 773130AF6. Deutsche Bank Trust Company Americas acted as trustee/custodian for certain issuances; MERS registered and

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

facilitated interim assignments; Amrock/First American handled title/recording; Rocket entities originated/serviced the loan.

13. On or about August 7, 2025, an Assignment of Mortgage was executed by a purported MERS officer outside Indiana and recorded in Hendricks County, reciting "without recourse or warranty," and failing to evidence negotiation/transfer of the note. The assignment is void ab initio because the mortgage follows the note and no lawful transfer of the note occurred.

14. Plaintiff sent certified notices on July 11, 18, 28, and August 8, 2025 (tracking numbers above) demanding validation, chain of title, and correction of errors. Defendants failed to cure or responded inadequately, violating federal servicing and disclosure duties and further clouding title.

14 A. Morgan Stanley & Co. LLC acted as the underwriting investment bank for the issuance and marketing of the mortgage-backed instrument identified as CUSIP U7507LAA1, into which Plaintiff's mortgage obligation was unlawfully transferred. Morgan Stanley participated in structuring and facilitating the sale of this instrument to investors, thereby directly enabling the monetization of Plaintiff's mortgage without lawful assignment or notice, in violation of applicable federal laws, RICO provisions, and related consumer protection statutes.

15. As a result, Plaintiff suffered imminent foreclosure/collection risk, clouded title, out-of-pocket costs, and emotional distress.

**VI. CAUSES OF ACTION**

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

Count 1 – Truth in Lending Act (15 U.S.C. § 1641(g))

Defendants failed to provide timely written notice of transfers/assignments of ownership of the loan; Plaintiff seeks statutory and actual damages. See Jesinoski v. Countrywide, 574 U.S. 259 (2015); 15 U.S.C. § 1640.

Count 2 – RESPA/Reg X (12 U.S.C. § 2605; 12 C.F.R. §§ 1024.35–.36)

Defendants failed to acknowledge/investigate Notices of Error and Requests for Information sent via certified mail, causing damages. See Catalan v. GMAC Mortg., 629 F.3d 676 (7th Cir. 2011); Renfroe v. Nationstar, 822 F.3d 1241 (11th Cir. 2016).

Count 3 – FDCPA (15 U.S.C. § 1692e, § 1692f)

Defendants used false representations and unfair practices by misrepresenting the creditor and authority to collect. See Slorp v. Lerner, 587 F. App'x 249 (6th Cir. 2014).

Count 4 – Civil RICO (18 U.S.C. §§ 1961–1968)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendants Rocket Mortgage, LLC, Rocket Companies, Inc., Amrock LLC, Mortgage Electronic Registration Systems, Inc. (MERS), First American Title Insurance Company, and Deutsche Bank Trust Company Americas constitute an "enterprise" within the meaning of 18 U.S.C. § 1961(4), associated in fact for the common purpose of profiting from fraudulent

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

mortgage transactions, unlawful assignments, and the securitization of mortgage loans without proper disclosure or authority.

3. Defendants engaged in multiple predicate acts of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) by transmitting, through interstate mail and electronic communications, false and misleading documents including mortgage assignments, title instruments, payoff demands, and foreclosure-related notices, knowing such documents were materially false.

4. These acts were undertaken in furtherance of a scheme to:

   a. Create and sell mortgage-backed securities identified by CUSIP U7507LAA1 and related securities without the knowledge or consent of Plaintiff;

   b. Conceal the true owner and holder of the note and mortgage;

   c. Interfere with Plaintiff's perfected lien rights under UCC filings and trust ownership; and

   d. Collect payments and enforce foreclosure rights without lawful standing.

5. The predicate acts were related and continuous, constituting a "pattern of racketeering activity" under 18 U.S.C. § 1961(5), occurring within the last ten (10) years and continuing to the present.

6. Plaintiff has suffered injury to his property and business, including clouding of title, impairment of trust assets, and damages exceeding $100,000,000 as set forth in the Fee Schedule, as a direct and proximate result of Defendants' racketeering activity.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

7. Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover treble damages, attorney's fees, and costs, as well as declaratory and injunctive relief to prevent further acts of racketeering. See Sedima, 473 U.S. 479; H.J. Inc., 492 U.S. 229; Bridge v. Phoenix Bond, 553 U.S. 639.

Count 5 – Securities Fraud (§ 10(b) & Rule 10b-5)

Material omissions/misstatements regarding securitization/ownership in connection with securities tied to Plaintiff's receivables (CUSIPs above), reliance, scienter, and loss causation alleged. Morgan Stanley & Co. LLC, as underwriter, materially misrepresented and omitted facts in connection with the sale of the CUSIP U7507LAA1 security, violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. See Basic v. Levinson, 485 U.S. 224; Tellabs, 551 U.S. 308; Matrixx, 563 U.S. 27.

Count 6 – Fraud (Indiana)

Misrepresentations in assignments/chain of title; intent, reliance, and damages pled with particularity per Rule 9(b).

Count 7 – Slander of Title (Indiana)

Recording/maintaining void instruments disparaged Plaintiff's title causing special damages.

Count 8 – Quiet Title (Ind. Code § 32-30-2-1 et seq.)

Declaratory determination that adverse claims via the void assignment are invalid; title quieted in Plaintiff's favor.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

Count 9 – Declaratory Judgment (28 U.S.C. §§ 2201–2202; Fed. R. Civ. P. 57)

Actual controversy over validity/effect of the lien and assignment; declaration requested.

Count 10 – Breach of Contract / Implied Covenant (Indiana)

Concealment and mishandling of title/assignment breached duties, causing damages.

Count 11 – Conversion / Constructive Trust (Indiana)

Unlawful dominion over property interests and receivables warrants restitution, disgorgement, and constructive trust.

## VII. PRAYER FOR RELIEF

A. Issue a Temporary Restraining Order and Preliminary Injunction under Fed. R. Civ. P. 65 enjoining foreclosure, eviction, transfer, or further recording related to the disputed instruments pending final judgment.

B. Declare the August 7, 2025 assignment and any derivative claims void; quiet title to 1486 Stanford Dr, Avon, IN 46123 in Plaintiff's Trust.

C. Award statutory, actual, treble (RICO), and punitive damages; order a full accounting and restitution/disgorgement of securitization-related revenues traceable to the loan.

D. Enforce Plaintiff's recorded Fee Schedule as liquidated damages in the total amount of not less than $100,000,000.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

E. Award costs of suit and fees where authorized, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

F. Order Morgan Stanley & Co. LLC to produce all agreements, underwriting records, pooling and servicing agreements, and other documentation relating to CUSIP U7507LAA1 and any related securitization involving Plaintiff's mortgage.

G. Plaintiff seeks a Temporary Restraining Order (TRO) and Preliminary Injunction pursuant to Fed. R. Civ. P. 65 and Local Rule 65-2, enjoining Defendants and their agents, assignees, and representatives from initiating, continuing, or completing any foreclosure action, sale, transfer, assignment, or further encumbrance of the property located at 1486 Stanford Dr, Avon, Indiana, until further order of this Court.

H. Plaintiff demonstrates the four factors required for injunctive relief as set forth in Winter v. NRDC, 555 U.S. 7, 20 (2008): (1) a likelihood of success on the merits due to documented statutory violations under TILA, RESPA, FDCPA, RICO, and applicable Indiana property statutes; (2) irreparable harm to Plaintiff and the Trust if the property is lost through foreclosure or sale, for which monetary damages are inadequate; (3) the balance of equities favoring Plaintiff as continued foreclosure would unlawfully deprive Plaintiff of property rights while Defendants suffer no prejudice from preserving the status quo; and (4) the public interest in ensuring compliance with consumer protection, lending, and property laws.

I. Pursuant to S.D. Ind. Local Rule 65-2, Plaintiff certifies that immediate and irreparable injury will occur before Defendants can be heard in opposition, and that Plaintiff has provided notice of this action via certified

## VIII. EXHIBIT LIST

Exhibit A – Fee Schedule (Liquidated Damages)

Exhibit B – Certificate of Trust

Exhibit C – Schedule A (Property Legal Description)

Exhibit D – Rocket Mortgage Assignment of Mortgage

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable. See Fed. R. Civ. P. 38.

## X. VERIFICATION (28 U.S.C. § 1746)

I, Carlos Deangelo Prunty, declare under penalty of perjury that the foregoing Verified Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on August 14, 2025.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

*[signature]*
_____

CARLOS DEANGELO PRUNTY, Plaintiff Pro Se

Trustee, CARLOS PRUNTY RVOC LIVING TRUST

1486 Stanford Dr, Avon, IN 46123

Tel: (773) 986-1455 | Email: carlosdeangeloprunty@gmail.com