UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

CARLOS DEANGELO PRUNTY, Plaintiff,

v.                    Case No. 1:25-cv-01615-RLY-MG

ROCKET MORTGAGE, LLC

(f/k/a Quicken Loans, LLC),

Defendant.

_____

**FILED**

**04/08/2026**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Kristine L. Seufert, Clerk**

SECOND AMENDED COMPLAINT

(RESPA – 12 U.S.C. § 2605; TILA – 15 U.S.C. § 1641(g);

Declaratory Relief – 28 U.S.C. § 2201)

(JURY DEMAND)

I. INTRODUCTION

1. This action concerns Defendant Rocket Mortgage, LLC's servicing of Plaintiff's residential mortgage loan.

2. Plaintiff does not challenge the validity of the original loan transaction.

3. Plaintiff alleges Rocket failed to conduct a reasonable investigation and failed to correct a servicing error concerning the application of trial modification payments and delinquency status after receiving Plaintiff's written dispute and Qualified Written Request ("QWR"), in violation of 12 U.S.C. § 2605 and 12 C.F.R. Part 1024.

4. Plaintiff further alleges Rocket failed to provide the written notice required by 15 U.S.C. § 1641(g) in connection with any transfer of ownership of the loan, and that Plaintiff did not receive any stand-alone written notice identifying Federal Home Loan Mortgage Corporation ("Freddie Mac") as the owner or assignee of the loan within 30 days of any such transfer.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under 12 U.S.C. § 2605 and 15 U.S.C. § 1641(g).

6. This Court has authority to grant declaratory relief under 28 U.S.C. § 2201.

7. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here and the property securing the loan is located in Hendricks County, Indiana, within the Southern District of Indiana, Indianapolis Division.

## III. PARTIES

8. Plaintiff Carlos Deangelo Prunty ("Plaintiff") resides at 1486 Stanford Drive, Avon, Indiana 46123.

2

9. Defendant Rocket Mortgage, LLC ("Rocket") services the mortgage loan at issue and, at all relevant times, acted as servicer of Plaintiff's mortgage loan within the meaning of 12 U.S.C. § 2605(i).

## IV. FACTUAL ALLEGATIONS

### A. Trial Modification and Payment History

10. On or about December 10, 2021, Plaintiff executed a promissory note secured by a mortgage on the property located at 1486 Stanford Drive, Avon, Indiana.

11. In 2025, Rocket approved Plaintiff for a three-month trial modification requiring monthly payments of approximately $1,603.26.

12. Between September 13, 2025 and November 10, 2025, Rocket drafted and received three trial payments totaling approximately $4,809.78 from Plaintiff's bank account.

13. Rocket confirmed receipt of those trial payments.

14. After receipt of the three trial payments, Rocket stated that Plaintiff was several payments delinquent and owed approximately $9,125.40.

15. Rocket did not reconcile or clearly explain how three completed trial payments resulted in the asserted delinquency and arrearage balance.

### B. November 23, 2025 Written Dispute

16. On November 23, 2025, Plaintiff sent Rocket written correspondence disputing the alleged arrearage and delinquency status and requesting clarification regarding payment application and creditor identity.

### C. Qualified Written Request

17. On December 19, 2025, Plaintiff sent Rocket a Qualified Written Request pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35, 1024.36, identifying a servicing error and requesting information relating to payment application and delinquency status.

18. The QWR requested, among other things:

a. A complete transactional payment history for the loan;

b. An explanation of how the September–November 2025 trial payments were applied;

c. An itemization of the alleged arrearage and delinquency; and

d. Identification of the current owner, assignee, or creditor of the loan.

19. Under 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35 and 1024.36, Rocket was required to conduct a reasonable investigation and either correct any identified errors or provide a written explanation that meaningfully addressed the asserted servicing error.

20. Rocket acknowledged receipt of Plaintiff's QWR and, in late December 2025 and January 2026, provided written correspondence and certain documents.

21. Rocket's responses failed to:

a. Reconcile how the three trial payments were applied;

b. Explain the basis for the asserted multi-payment delinquency;

c. Provide an itemization showing how the arrearage was calculated; and

d. Correct the delinquency classification on the account.

D. January 13, 2026 Creditor Disclosure

22. On January 13, 2026, Rocket issued correspondence stating that Freddie Mac (Federal Home Loan Mortgage Corporation, "FHLMC") is the "investor" of Plaintiff's loan.

23. Plaintiff had not previously received any stand-alone written notice identifying Freddie Mac as the owner or assignee of the loan within 30 days of any transfer of ownership, as required by 15 U.S.C. § 1641(g).

E. Notice of Default and Credit Reporting

24. On or about February 2, 2026, Plaintiff obtained a credit report reflecting Rocket's reporting of the mortgage account as "120+ days late."

25. On or about February 5, 2026, Rocket issued a Notice of Default demanding that Plaintiff cure the alleged default by March 12, 2026.

26. The disputed delinquency classification remained unresolved during this period despite Plaintiff's written dispute and QWR.

F. Resulting Harm

27. As a direct and proximate result of Rocket's failure to reasonably investigate and correct the servicing error, Plaintiff suffered actual damages including, but not limited to:

a. Out-of-pocket expenses incurred in preparing and mailing certified correspondence to Rocket;

b. Time spent reviewing account records, communicating with Rocket, and attempting to obtain correction of the delinquency classification;

c. Damage to Plaintiff's creditworthiness, including the reporting of the mortgage account as "120+ days late" on Plaintiff's consumer credit reports;

d. Accrual of default-related charges, fees, and costs as reflected in Rocket's account statements and delinquency notices during the period of unresolved delinquency classification; and

e. Inability to reinstate or cure the loan based on a verified and reconciled account balance due to Rocket's failure to provide an accurate accounting.

## V. COUNT I — RESPA (12 U.S.C. § 2605; 12 C.F.R. §§ 1024.35, 1024.36)

28. Plaintiff incorporates paragraphs 1–27 as if fully set forth herein.

29. Plaintiff's December 19, 2025 correspondence constituted a Qualified Written Request under 12 U.S.C. § 2605(e) and a Notice of Error under 12 C.F.R. § 1024.35.

30. Rocket is a "servicer" of a "federally related mortgage loan" within the meaning of 12 U.S.C. § 2605(i).

31. Rocket failed to conduct a reasonable investigation into the identified servicing discrepancy regarding the application of the three trial payments and the resulting delinquency classification.

32. Rocket failed to provide a meaningful written explanation or to correct the delinquency classification and related account information in response to Plaintiff's QWR.

33. As alleged above, Plaintiff suffered actual damages as a result of Rocket's violations of 12 U.S.C. § 2605 and 12 C.F.R. Part 1024.

34. Plaintiff is entitled to actual damages pursuant to 12 U.S.C. § 2605(f)(1)(A).

35. Plaintiff seeks statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B) to the extent Rocket's conduct reflects a pattern or practice of noncompliance with RESPA and Regulation X.

## VI. COUNT II — TILA (15 U.S.C. § 1641(g); 15 U.S.C. § 1640)

36. Plaintiff incorporates paragraphs 1–35 as if fully set forth herein.

37. The mortgage loan at issue is a consumer credit transaction secured by Plaintiff's principal dwelling and is subject to TILA and Regulation Z.

38. Section 1641(g) requires that when a mortgage loan is sold, assigned, or otherwise transferred, the new owner or assignee must provide written notice to the borrower within 30 days of the transfer, identifying the new creditor and containing specified disclosures.

39. On January 13, 2026, Rocket first identified Freddie Mac (FHLMC) in correspondence to Plaintiff as the "investor" of Plaintiff's loan.

40. Plaintiff did not receive any written notice identifying Freddie Mac as the owner or assignee of the loan within 30 days of any transfer of ownership, as required by 15 U.S.C. § 1641(g).

41. The date and details of any transfer of ownership to Freddie Mac or any other assignee are not known to Plaintiff and are within the exclusive control of Rocket and the loan owner or assignee.

42. Plaintiff could not reasonably have discovered the date and details of any transfer of ownership or the identity of the assignee prior to Rocket's January 13, 2026 correspondence identifying Freddie Mac as the investor. To the extent any transfer occurred earlier, the limitations period for Plaintiff's § 1641(g) claim is subject to equitable tolling because the information necessary to discover the transfer and ownership was exclusively within Defendant's control and not disclosed to Plaintiff.

43. Plaintiff seeks statutory damages and such other relief as available under 15 U.S.C. § 1640, together with costs and, to the extent permitted by law, reasonable attorney's fees.

VII. COUNT III — DECLARATORY RELIEF (28 U.S.C. § 2201)

44. Plaintiff incorporates paragraphs 1–43 as if fully set forth herein.

45. An actual, present controversy exists between Plaintiff and Rocket regarding:

a. The proper application of Plaintiff's trial modification payments;

b. Rocket's compliance with its duties under RESPA, Regulation X, and TILA; and

c. The accuracy of Rocket's delinquency classification and related reporting.

46. Plaintiff seeks a declaration that Rocket must provide a complete accounting and reconciliation of Plaintiff's trial payments and any claimed arrearage, and must comply with applicable federal servicing and disclosure requirements before relying on the disputed delinquency classification to pursue enforcement remedies.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant Rocket Mortgage, LLC, and award the following relief:

A. Actual damages under 12 U.S.C. § 2605(f)(1)(A);

B. Statutory damages under 12 U.S.C. § 2605(f)(1)(B);

C. Statutory damages under 15 U.S.C. § 1640;

D. Declaratory relief under 28 U.S.C. § 2201;

E. Costs of this action; and

F. Such further legal or equitable relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## X. VERIFICATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on April 8, 2026.

/s/ Carlos Deangelo Prunty

CARLOS DEANGELO PRUNTY

8

Plaintiff, Pro Se

1486 Stanford Drive Avon, Indiana 46123

(773) 968-1455 carlosdeangeloprunty@gmail.com

CERTIFICATE OF SERVICE

I certify that on April 8, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF

system, which will send notification to all counsel of record.

/s/ Carlos Deangelo Prunty

CARLOS DEANGELO PRUNTY